IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 22-cr-00122-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    PIERRE SUDBERRY,

    Defendant.

## ORDER

    This matter comes before the Court on the Motion to Reconsider Order Denying Ends of Justice Continuance [Docket No. 26]. On November 18, 2022, the defendant filed his second motion to exclude time. Docket No. 24. On November 22, 2022, the Court denied the motion on the grounds that it did not provide adequate support for an exclusion of time under the Speedy Trial Act. Docket No. 25.

    "Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citing *United States v. Randall*, 666 F.3d 1238, 1241-42 (10th Cir. 2011)). A district court may grant a motion to reconsider "when the court has misapprehended the facts, a party's position, or the law." *Id.* (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Motions for reconsideration are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion . . . . Thus, a motion for

reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012 (citations omitted).

Defendant's motion for reconsideration fails to address the standards for a motion for reconsideration.  However, it is clear that, with one exception, all of defendant's arguments in his reconsideration motion "were available at the time of the original motion." *Id*. at 1012.  For instance, defense counsel's schedule, defense counsel's other commitments, the time it takes to visit the defendant, and security issues relating to the discovery materials were all matters known to the defendant at the time he filed the second motion to exclude time.  None of these reasons provide any basis for reconsideration of the Court's order.  The exception is the additional discovery that defendant learned about after he filed the motion to exclude, which has not been produced yet, but which apparently involves a collateral incident that "could affect the applicable guideline range."  Docket No. 26 at 2.  Defendant claims that a "minimum of 90 additional days is therefore needed to obtain this new discovery." *Id*.  Defendant's request to exclude 90 days for this reason alone has no basis in common sense and is speculative given that defendant has not yet seen the new discovery.  In short, the new discovery does not provide a basis for the Court to reconsider its previous ruling.

The Court denied defendant's second motion to exclude time without prejudice. *See* Docket No. 25 at 3.  As a result, the defendant is able to file another motion to exclude that is properly supported.  The arguments in defendant's motion for reconsideration would appear to be good grounds for such a motion.  The defendant,

however, chose to file a motion for reconsideration and, because he is not pro se, the Court will not construe the motion as a motion to exclude, but rather rule on the motion based on the standards for a motion for reconsideration. Wherefore, it is

**ORDERED** that defendant's Motion to Reconsider Order Denying Ends of Justice Continuance [Docket No. 26] is **DENIED**.

DATED November 23, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge